Newman, J.
This case was tried to a jury in the court of common pleas of Stark county and a verdict was rendered in favor of the plaintiff, Thomas Bayes. Judgment was entered on the verdict and a petition in error, containing six assignments of error, was filed by The Midland Casualty Company in the court of appeals. The cause was submitted to two judges of that court, and the judgment of the court of common pleas was reversed upon the ground that the verdict of the jury and the judgment of the court were against the manifest weight of the evidence. The following is a copy of the journal entry in the court of appeals:
“This cause came on to be heard upon the petition in error, bill of exceptions, original papers and pleadings, and the transcript of the docket and journal entries from the court of common pleas, and was argued by counsel. Upon consideration whereof by two judges only of said court of ap *305 peals sitting and concurring therein, the judgment of the court of common pleas is reversed for the reason that the verdict of the jury and the judgment of the court is against the weight of the evidence; and this cause is remanded to said court of common pleas for a new trial.
“It is therefore ordered that said plaintiff in error recover from the defendant in error its costs herein. It is also ordered that a special mandate be sent to the court of common pleas to carry this judgment into execution.”
Plaintiff in error here is challenging the judgment of the court of appeals. He insists that two judges of that court are without jurisdiction or authority to render a judgment of reversal on the weight of the evidence. Section 6 of Article IV of the Constitution, as amended September 3, 1912, provides that the court of appeals shall consist of three judges. In the same section it is provided: “No judgment of a court of common pleas, a superior court or other court of record shall be reversed except by the concurrence of all the judges of the court of appeals on the weight of the evidence, and by a majority of such court of appeals upon other questions.” The court of appeals acquires its jurisdiction directly and solely from the constitution of the state as amended September 3, 1912. It has original jurisdiction in certain matters, appellate jurisdiction in the trial of chancery cases, and jurisdiction to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law. Two *306 judges are given power to reverse the judgment of these' inferior courts upon all questions other than the weight of the evidence. But before there can be a reversal upon that ground there must be a concurrence of all the judges of the court of appeals. By “all the judges of the court of appeals” is meant the three judges of that court. We do not think the provision can be interpreted to mean all the judges who hear the case. Therefore, before a judgment of reversal can be valid and binding, there must be a compliance with the constitutional provision.
But it is claimed that when plaintiff in error here entered into the hearing of the case in the court of appeals, without objection or protest, he thereby consented to the submission of the cause to two judges and waived whatever right he may have had to a hearing by three judges, and he cannot now complain. Counsel liken this case to one where parties waive their constitutional right to a trial by jury and submit their case to a court. We do not think the cases are analogous. The legislature has clothed the court of common pleas with jurisdiction and power to hear a cause when there has been a waiver of a trial by jury. Where a party does not demand a jury trial the law authorizes a judge to try the issue. In the present case the parties are attempting to confer a power upon two judges of the court, which in express terms of the constitution is denied them. The constitution, to which alone we must look for the jurisdiction and authority of the court of appeals, denies to two judges authority to reverse a judgment upon *307 the weight of the evidence, and there is nothing the parties may do which will create or confer such authority.
Counsel for defendant in error insist, however, that if it is held that the judgment which the two judges attempted to pronounce is invalid, the case should be remanded to the court of appeals for a rehearing before the whole court. Under the constitutional provision we have been considering, two judges of the court of appeals have power to reverse the judgment upon any ground other than the weight of the evidence. It is to be presumed that all the assignments of the petition in error in the present case were passed upon and all assignments were held to be not well taken, except the one expressly stated in the entry as the basis of the judgment of reversal. Weaver v. The Columbus, Shawnee & Hocking Ry. Co., 76 Ohio St., 164. It is to be presumed also that when defendant in error here, the plaintiff in error in the court of appeals, presented its case to two judges it did so with knowledge that two judges could not reverse the judgment of the court of common pleas on the weight of the evidence — that they were powerless to do so. Defendant in error had the right, as has every plaintiff in error in a court of appeals, to have the whole court, consisting of three judges, pass upon the assignments of error in its petition. If plaintiff in error below did not avail himself of this right and saw fit to submit the judgment of the court of common pleas to two judges for review, knowing that in their power to reverse they were limited to questions other than the weight of *308 the evidence, it must be held to have waived that assignment of error. It is suggested, however, that to hold that defendant in error here waived that assignment of error, when, as a matter of fact, it urged it and was successful in its contention so far as the action of the two judges was concerned, would be illogical. We do not think so. The legal effect of the submission of its cause to two judges was a waiver of that assignment of error, and it is too late now to ask for a rehearing on that question. The two judges of the court of appeals having found all the other assignments of error not well taken, this court proceeding to render such judgment as should have been rendered in the court of appeals, the judgment of the court of common pleas is affirmed.

Judgment of the court of appeals reversed and that of the court -of common pleas affirmed.

Nichols, C. J., Johnson, Wanamaker and Matthias, JJ., concur.